The court properly denied defendant’s suppression motion. The officers saw an apparently injured man lying on the ground. Defendant ran away from this man while attempting to stuff something into his rear waistband, that one of the officers believed, based on his experience, was a deadly weapon. That defendant continued these actions after the police told him to stop tended to negate any innocent explanations. At this point, the police had reasonable suspicion upon which to draw their weapons and forcibly detain defendant (see People v Rivera, 286 AD2d 235 [1st Dept 2001], lv denied 97 NY2d 760 [2002]). A bystander then told the police that defendant had assaulted the man lying on the ground.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). We reject defendant’s challenge to the weight of the evidence supporting the *585 physical injury element of second-degree robbery under Penal Law § 160.10 (2) (a). The testimony of the victim, the officers and a bystander established that the victim had a swollen mouth, a bloody lip, and a bloody and bruised elbow, and that he temporarily lost consciousness. Concur — Friedman, J.P., Moskowitz, Freedman, Richter and Abdus-Salaam, JJ.